UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-23-TAV-DCP |
| | ) | |
| JACOB COLE BRIDGES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 17], filed by Defendant Jacob Cole Bridges on May 7, 2025.

Defendant asks the Court to continue the motion deadline, plea deadline, and trial date by at least ninety days [Doc. 17 pp. 1–2]. In support of his motion, he asserts that based on conversations with counsel for the Government, additional time is needed for a complete discovery disclosure and for his counsel to then review the material and determine whether any pretrial motions are appropriate [*Id.* ¶ 2]. Defendant states that discovery includes multiple multimedia items that counsel must review with him using capable technology [*Id.*]. He avers that counsel also needs time to review the sentencing guidelines and impact of a potential conviction with him [*Id.*]. Because Defendant is housed remotely in Laurel County, Kentucky, he asserts that additional time is needed to complete these tasks [*Id.*]. Defendant understands that the time between filing this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 4]. He represents that the Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time receive anticipated forthcoming discovery, review the material, determine whether to file pretrial motions, discuss the sentencing guidelines with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the June 17, 2025 trial date.

The Court therefore **GRANTS** Defendant Jacob Cole Bridges' Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 17**]. The trial of this case is reset to **September 16, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on May 7, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Jacob Cole Bridges' Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 17**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 16, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **May 7, 2025**, and the new trial date of **September 16, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **June 9, 2025**, and responses to motions are due on or before **June 21, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 18, 2025**;

(6) the deadline for filing motions *in limine* is **August 29, 2025**, and responses to motions *in limine* are due on or before **September 9, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 2, 2025, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 5, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge