UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-23-TAV-DCP |
| | ) | |
| JACOB COLE BRIDGES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jacob Cole Bridges' Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 23], filed on December 22, 2025.

Defendant requests the Court to continue the plea deadline, set for December 29, 2025, and the trial date, set for January 27, 2026 [*Id.* ¶ 1]. In support of his motion, Defendant states that he had his initial appearance on April 10, 2025, and an initial discovery disclosure was made shortly thereafter [*Id.* ¶ 2]. Defendant represents that subsequent discovery disclosures have been made since that time and include information about the case agent, who has since left the department [*Id.*]. The motion relates that Defendant's counsel has identified additional witnesses that may have more information about the agent and his involvement with Defendant, which could prove critical for ongoing plea negotiations or trial, if necessary, and that additional time is needed for counsel to meet with these potential witnesses, who all reside in Morgan County, Tennessee [*Id.*]. Further, Defendant represents that the parties continue to work towards a possible resolution of the case but states that activities are underway, which could greatly impact Defendant's potential sentencing exposure, and that additional time is needed to complete the outstanding activities to

effectuate a possible resolution [*Id.*]. Under these circumstances, Defendant's counsel does not believe he can adequately prepare or effectively represent Defendant within the currently scheduled deadlines and trial dates [*Id.*]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant understands that the period of time between the filing of this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.*].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to conduct further investigation, meet with potential witnesses, work towards a potential resolution, and if that does not resolve the case, otherwise prepare for trial. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant Jacob Cole Bridges' Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 23**]. The trial of this case is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 22, 2025, and the new

trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jacob Cole Bridges' Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 22, 2025**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 10, 2026**;

(5) the deadline for filing motions *in limine* is **April 27, 2026,** and responses to motions *in limine* are due on or before **May 5, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 23, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge